NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENTE RAMIREZ-PALMA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 20-73269 Agency No. A213-083-450 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2026**
El Centro, California

Before: TALLMAN and OWENS, Circuit Judges, and MONTENEGRO,*** District Judge.

Valente Ramirez-Palma ("Ramirez"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ruth Bermudez Montenegro, United States District Judge for the Southern District of California, sitting by designation.

appeal of an Immigration Judge's decision ("IJ") denying cancellation of removal. "Our review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047 (9th Cir. 2023) (citation omitted). "A due process challenge in an immigration proceeding is reviewed de novo." *Id.* We review for abuse of discretion an IJ's denial of a continuance. *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Ramirez contends that the IJ's denial of his motion for a continuance—because his son's school psychologist was unavailable to testify as a witness due to a scheduling conflict—was a violation of his due process rights and an abuse of discretion.

"The requirements of due process have not been met if '(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Arizmendi-Medina*, 69 F.4th at 1048 (citation omitted) (alteration in original).

The BIA properly determined that Ramirez did not show that he was prejudiced by the absence of the school psychologist's testimony, and therefore he

did not demonstrate a violation of his due process rights. *See id.* The IJ considered the school psychologist's letter and psychoeducational assessment, as well as other evidence in the record, including testimony from Ramirez and his mother-in-law. Ramirez fails to show that the school psychologist's testimony may have affected the outcome of the proceeding.

Nor has Ramirez shown that the IJ abused its discretion in denying his motion for a continuance. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (discussing factors). Ramirez has not demonstrated the importance of the school psychologist's testimony in light of the other evidence presented, including the school psychologist's letter and psychoeducational assessment. Moreover, the request for a continuance was filed only eleven days before the merits hearing, which had been set for more than nine months.

2. Ramirez also argues that the IJ violated his due process rights by denying admission of an untimely additional psychological evaluation of his son.

Ramirez contends that the IJ failed to act as a neutral fact finder by denying admission of the evaluation based solely on the government's objection. But it was reasonable for the IJ to consider whether the government objected to the late document, and the IJ explained that it would not accept the document because it was filed on the day of the hearing, which had been scheduled for more than nine months with a clear filing deadline. *See* 8 C.F.R. § 1003.31(c) (effective to Jan.

3

14, 2021) ("If an application or document is not filed within the time set by the Immigration Judge, the opportunity to file that application or document shall be deemed waived.").

Moreover, Ramirez does not address how he was prejudiced by the denial of admission of the additional evaluation. *See Arizmendi-Medina*, 69 F.4th at 1048. There is no indication of what material information the additional evaluation would have provided.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. No. 1, is otherwise denied.